

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDY JANETH ALBERTO ZEPEDA, | No. 19-71625 |
| Petitioner, | Agency No. A215-675-412 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2020**
Seattle, Washington

Before: TASHIMA, BYBEE, and COLLINS, Circuit Judges.

Petitioner Wendy Alberto Zepeda, a native and citizen of El Salvador,

petitions for review of the decision of the Board of Immigration Appeals (BIA)

affirming the Immigration Judge's (IJ) denial of her applications for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotation marks omitted).

1.      Substantial evidence supports the BIA's conclusion that Alberto Zepeda did not demonstrate that the harm she suffered rose to the level of past persecution. Persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (internal quotation marks omitted). When determining whether threats rise to the level of persecution, the court looks "at all of the surrounding circumstances to determine whether the threats are actually credible and rise to the level of persecution." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Contrary to Alberto Zepeda's argument, the IJ and BIA did not apply an erroneous legal standard but considered all the circumstances surrounding the mistreatment and threats Alberto Zepeda endured at the hands of her cousin and concluded that such behavior did not rise to the level of persecution. Alberto Zepeda's alternative interpretation of the evidence does not compel a finding of past persecution.

2

*Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) ("Because reasonable minds could differ as to whether the threats received by [petitioner] constituted persecution, the record does not compel us to make a finding that the threats did constitute persecution." (internal quotation marks omitted)).

2.      Substantial evidence also supports the finding that Alberto Zepeda failed to carry her burden to show that the Salvadoran government is unable or unwilling to protect her.  Her subjective belief that her cousin will harm her does not compel a finding that the authorities would be unable or unwilling to help her.  *See Ren v. Holder*, 648 F.3d 1079, 1091 (9th Cir. 2011) (noting that an IJ could "find an applicant's testimony credible, but nonetheless insufficient to meet his burden").  Moreover, the record demonstrates that the IJ reviewed the 2017 U.S. Department of State Country Report (2017 country report) and concluded that the Salvadoran government has taken specific steps to combat discrimination against the lesbian, gay, bisexual, transgender, and intersex (LGBTI) community.  The court is "not in a position to second-guess the IJ's construction" of the 2017 country report.  *Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008).  Further, this court does not consider the additional reports Alberto Zepeda filed with this court because they are not part of the administrative record.  *Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.

1996) (en banc).[1]  In short, the evidence does not compel a finding that the Salvadoran government is unable or unwilling to protect Alberto Zepeda.

3.      Substantial evidence supports the conclusion that Alberto Zepeda failed to demonstrate her eligibility for CAT relief.  A petitioner is entitled to CAT relief if he or she demonstrates "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).  Although ineligibility for asylum and withholding of removal does not necessarily preclude eligibility for CAT relief, Alberto Zepeda's claims under CAT are based on the same experiences with her cousin that the IJ determined did not rise to the level of persecution or demonstrate the government's unwillingness or inability to protect Alberto Zepeda from private actors.  Thus, denial of CAT relief was supported by substantial evidence.

**PETITION DENIED.**

---

[1]To the extent Alberto Zepeda challenges the BIA's apparent refusal to take administrative notice of these reports—which she does not explicitly do in her brief—that action is reviewed for abuse of discretion. *Fisher*, 79 F.3d at 963.  The BIA did not abuse its discretion in declining to consider the additional reports.